# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 7 Case |
| STEVEN WILLIS | ) | |
| DARLENE WILLIS | ) | Number <u>07-41009</u> |
| | ) | |
| *Debtors* | ) | |
| | ) | |
| GERRALD AUTO SALES | ) | |
| | ) | |
| *Movant* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN WILLIS, | ) | |
| DARLENE WILLIS, and | ) | |
| JAMES L. DRAKE, JR., TRUSTEE | ) | |
| | ) | |
| *Respondents* | ) | |

FILED
at 9 O'clock & 54 min A M
Date Aug. 28, 2007

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

## MEMORANDUM AND ORDER
## ON MOTION FOR RELIEF FROM STAY

### FINDINGS OF FACT

The Debtors filed a Chapter 7 bankruptcy case on July 6, 2007. The Debtors have previously filed several Chapter 13 and Chapter 7 cases in both the Northern District of Georgia and in this District. The most recent case prior to the current case was a Chapter 13 case filed in this District on October 4, 2006, which was dismissed on May 23, 2007. In connection with that case, the Debtors had received credit counseling on October 4, 2006.

AO 72A
(Rev. 8/82)

However, when the current case was filed, because that latest credit counseling had occurred more than 180 days prior to the filing of this case (*See* 11 U.S.C. §109(h)), the Debtors were informed by the Clerk's Office that their Chapter 7 case was defective because no certificate of counseling was included. *See* Dkt.No.7(July 11, 2007). Thereafter, the Debtors obtained credit counseling and filed a certificate of that fact on July 23, 2007. *See* Exhibit M-2.

As their previous Chapter 13 case was on the verge of dismissal and prior to the filing of this case, Debtors purchased a 1997 Saab automobile from the Movant for approximately $5,300.00, promising to pay $1,000.00 down with bi-weekly payments of approximately $160.00 each. After this debt was incurred, the Debtors' payments became sporadic with the latest payment being tendered on June 6, 2007, and the Movant attempted a self-help repossession under state law on July 3, 2007. The Debtors immediately sought relief in this Court and gave notice to the Movant on July 6, 2007, that they had filed bankruptcy.

The parties stipulated the value of the vehicle is currently $2,700.00. After the creditors' meeting was held on August 9, 2007, the Chapter 7 Trustee concluded that he would not oppose the granting of stay relief inasmuch as there was insufficient value in the collateral to sell it and administer the proceeds for the benefit of unsecured creditors.

When the Debtors filed their case, they filed a statement with regard to this vehicle, as required by § 521(a)(2), stating that their intention was to surrender the vehicle

to the creditor. However, they contend that they should not be compelled to turn the vehicle over to this creditor at this stage in the proceeding. Rather, in order to be afforded a "breathing spell" and a fresh start in their Chapter 7 case, they contend that they should be afforded the right to possess the vehicle until this proceeding is concluded.

This Motion for Relief is predicated on two theories. First, the Movant contends that the Debtors are ineligible to have filed the Chapter 7 case because they had not complied with the credit counseling requirements of § 11 U.S.C. §109(h). The Movant further contends that since they were ineligible to file the case, the Court has the authority and should rule that the automatic stay was not in effect *ab initio*. Second, the Movant contends that under provisions of 11 U.S.C. § 362(d), the elements for granting stay relief have been established in that there is no equity in the vehicle and that the vehicle is not necessary to the Debtors' reorganization.

### CONCLUSIONS OF LAW

Section 362 of the Bankruptcy Code creates an automatic stay which enjoins creditor actions against the assets of a debtor's estate upon a filing of a bankruptcy petition under §§ 301, 302, and 303. 11 U.S.C. §362(a). The statute provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay, . . . by terminating, annulling, modifying, or conditioning" the stay. Id. §362(d). The code establishes two general grounds for granting relief: "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest," or (2) if the debtor

AO 72A
(Rev. 8/82)

3

does not have any equity in such property and the property is not necessary to an effective reorganization. Id.

### 1. The Motion for Relief should be granted because there is no equity in the vehicle and it is not necessary for the Debtors' reorganization.

For the following reasons, I conclude that (1) there is no equity in the automobile and (2) that the car is not necessary for an effective reorganization.

The Debtors contend that there is equity because the car is worth more than the amount they have paid to date. However, this is not the test. There is no equity in the car because the debt on the car is higher than the value of the car. Equity is defined as the difference between the value of the subject property and the encumbrances against it. In re Sutton, 904 F.2d 327, 329 (5th Cir. 1990). In the present case, the parties have stipulated that the value in the car is no higher than $2,700.00 and the debt is in excess of $4,000.00. As a result, I conclude that the creditor has established the first prong of the showing required to obtain stay relief.

Second, the Debtors have not met their burden of proving that the vehicle is necessary for an effective reorganization. First, the Debtors filed a Chapter 7 case, which results in liquidation and not reorganization. In re Prestwood, 185 B.R. 358, 361 (M.D.Ala., 1995). See In re Kennemer, 143 B.R. 275, 280 n.10 (N.D. Ala. 1992) (In Chapter 7 cases, the court abandons the requirement of 11 U.S.C. 362(d)(2)(B), as the debtors' reorganization is

not at issue); *see also* In re Lyons, 19 B.R. 66, 67 (Bankr.N.D.Ga. 1982). Second, the Debtors filed a statement that they intended to surrender the vehicle to the creditor. Since they have no intent to retain this vehicle, it clearly is not necessary to their reorganization

Because the Debtors have no equity in the vehicle and because the vehicle is not necessary for an effective reorganization, I hold that the stay will be lifted.

**2. The Motion for Relief should be granted for Cause because the Debtors failed to obtain credit counseling within 180 days prior to filing petition.**

The movant argues that relief should be granted because the Debtors failed to obtain credit counseling within 180 days prior to filing the petition pursuant to 11 U.S.C. §109(h). These sections generally require each individual seeking bankruptcy relief to obtain pre-petition credit counseling and file a certificate of such counseling as a predicate of eligibility for bankruptcy relief.

This statute is clear on its face. This section clearly states an individual may not be a debtor unless the individual has had credit counseling within 180-days prior to filing a petition. In this case, the Debtors have admitted that they had not received credit counseling during this period. Therefore, the Debtors are ineligible under Section109(h) on its face. *See* In re Jones, 352 B.R. 815 (Bankr. S.D. Tex. 2006); *See also* In re Ross, 338 B.R. 134 (Bankr. N.D.Ga. 2006). As I held in a similar eligibility case, "'[w]e must presume that Congress said what it meant and meant what it said." In re Stuart, 297 B.R. 665, 668 (Bankr. S.D. Ga.

2003)(*citing* Lewis, 285 F.3d at 1331 (*quoting* Adams v. Fla. Power Corp., 255 F.3d 1322, 1324 (11th Cir. 2001))).

Even if I were to look beyond the plain meaning of the statute, the Debtors would still be ineligible. I have previously stated "[j]udicial interpretation of a statute outside its literal terms is appropriate only when a literal application of the statute would lead to an absurd or unconstitutional result." In re Stuart, 297 B.R. at 668 (*citing* In re Richardson, 217 B.R. 479, 489 (Bankr.M.D.La. 1998) (*citing* Pub. Citizen v. Dep't of Justice, 491 U.S. 440 (1989)); (*also citing* Green v. Bock Laundry Mach. Co., 490 U.S. 504 (1989)). That is not the case here. Congress provided limited exceptions to the 180 day rule in §§ 109(h)(3) and (4), and I can conceive of no plausible argument that on these facts the result to the Debtors is absurd or violates any constitutional right.

This finding, however, raises the issue of whether a debtor who is found ineligible by filing a petition without receiving credit counseling is subject to dismissal or subject to a finding that the case is a nullity. There is a split among the courts over whether to dismiss the case or strike the petition when an ineligible debtor files. This question is not purely academic since whether the ineligible debtor filing results in a "case" or not implicates the rights of parties if a later case is filed.

### The Nullity View

Section 302 provides that a case is "commenced by the filing . . . of a single

petition . . . by an individual that may be a debtor under such chapter . . . " Since only an "eligible debtor" may file a petition to commence a case and since the plain language of Section 109(h), as discussed above, states an individual is not eligible if he or she fails to obtain credit counseling within 180-days prior to filing a petition, some courts hold that no "case" was commenced. *See* In re Thompson, 344 B.R. 899 (Bankr S.D.Ind. 2006); In re Elmendorf, 345 B.R.486 (Bankr.S.D.N.Y. 2006); In re Rios, 336 B.R. 177 (Bankr.S.D.N.Y. 2005); In re Hubbard, 333 B.R. 377 (Bankr.S.D.Tex.2005); In re Salazar, 339 B.R. 622 (Bankr.S.D.TX 2006); In re Valdez, 335 B.R. 801 (Bankr.S.D.N.Y. 2006). Since no case was commenced, the remedy is to strike the petition, not dismissal.

### Majority View - Dismissal of the Case

"The majority of courts addressing this issue have concluded that when the Debtor is not eligible to file a bankruptcy petition, the Court should dismiss the case, not 'strike the petition.'" In re Jones, 352 B.R. at 821 *citing* In re Westover, 2006 WL 1982751 (Bankr.D.Vt. 2006); In re Tomco, 339 B.R. 145 (Bankr.W.D.Pa. 2006); In re Racette, 343 B.R. 200 (Bankr. E.D. Wis. 2006); In re Mills, 341 B.R. 106 (Bankr. D.D.C.2006); In re Brown, 342 B.R. 248 (Bankr. D. Md. 2006); In re Seaman, 340 B.R. 698 (Bankr. E.D.N.Y.2006). *See also* In re Ross, 338 B.R. at 136 (". . . the filing of a petition by a debtor ineligible to do so nevertheless commences a bankruptcy case that is neither a 'nullity' nor void *ab initio*. Consequently, upon timely determination that an individual ineligible to be a debtor under Section 109(h) has filed a petition, the property remedy is dismissal of the case."). In other words, the courts "that have favored dismissal of the case hold that a 'case'

is 'commenced,' even when the petition is filed by an ineligible debtor." In re Jones, 352 B.R. at 821.

The Jones court justified this finding by stating,

> There is extensive jurisprudence holding even though a petition was filed by a person declared ineligible under § 109, the filing of the petition commenced a case that existed until it was dismissed; the Court had jurisdiction under 28 U.S.C. § 1334(a) and (b) because a case existed; the case was not void *ab initio* or a nullity. There is no reason to conclude that language in § 109(h) is to be read any differently from identical language in § 109(a), (b), (c), (d), (e) and (g). Id. at 821-22.

This view is consistent with my holding in Stuart which held that a case is commenced despite the debtor failing to satisfy Section 109(g)(2). 297 B.R. at 670. In that case, I stated "[i]n that 109(g)(2) is a provision governing only Debtor's *eligibility* for relief and not the power of this Court to afford such relief, any relief received prior to Hall's challenge under 109(g)(2) may not be challenged for lack of jurisdiction of this Court over Debtor as 'a debtor.'" That rationale is equally applicable to Section 109(h). Thus, I conclude that if a debtor who is ineligible files a petition, the automatic stay is triggered. When the fact of ineligibility is established, dismissal is a proper remedy. In this case, however, Movant did not request dismissal.

Nevertheless, due to that ineligibility, I find cause exists to grant the Motion

for Relief under Section 362(d)(1). In a perfect world ineligible debtors would not file cases and no stay would be imposed, even for a few days or weeks. When such a case is filed and a creditor seeks relief from a stay that should never have arisen, the creditor who demonstrates that ineligibility has also proven "cause" for granting the motion for relief.

## O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Motion for Relief from Stay filed by Gerrald Auto Sales is granted.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 24th day of August, 2007.